1   WILLIAM G. MALCOLM #129271
    DON ROBINSON #123411                    *E-Filed 1-23-09*
2   MALCOLM ♦ CISNEROS
    2112 Business Center Drive
3   2nd Floor
    Irvine, California 92612
4   Telephone:      (949) 252-9400
    Telecopier:     (949) 252-1032
5
    Counsel for CENTRAL MORTGAGE COMPANY
6

7

8               UNITED STATES DISTRICT COURT

9               EASTERN DISTRICT OF CALIFORNIA

10
    TANGI TAUMOEFOLAU and ANA      │ Case No.
11  TAUMOEFOLAU, as joint          │
    tenants,                       │
12                                 │
            Plaintiffs,            │ **NOTICE OF REMOVAL**
13                                 │
                                   │
14      vs.                        │
15                                 │
                                   │
16                                 │
    SIERRA PACIFIC MORTGAGE        │
17  COMPANY, INC., MTC             │
    FINANCIAL INC., dba            │
18  TRUSTEE CORPS, CENTRAL         │
    MORTGAGE COMPANY dba           │
19  CENTRAL MORTGAGE LOAN          │
    SERVICING COMPANY; and         │
20  DOES 1 - X, Inclusive,         │
                                   │
21          Defendants.            │

22

23          Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446,

24  Defendant CENTRAL MORTGAGE COMPANY hereby gives notice of the

25  removal of this civil action from the Superior Court of the

26  State of California in and for the County of Sacramento to the

27  United States District Court for the Eastern District of

28

California. In support of this Notice of Removal, Defendant states as follows:

1. Plaintiffs TANGI TAUMOEFOLAU and ANA TAUMOEFOLAU commenced this action by filing a Complaint and Lis Pendens in the Superior Court of the State of California in and for the County of Sacramento on November 21, 2008, Case No. 34-2008-00027479-CU-OR-GDS ("State Court Action"). See Complaint, attached hereto as Exhibit 1.

2. Plaintiff received a copy of the summons and complaint on January 6, 2009. This removal is timely because it has been filed within the shorter of 30 days after receipt by the Defendant through service or otherwise of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based or within 30 days after the service of summons upon the Defendant. See 28 U.S.C. § 1446(b).

3. The Complaint alleges violations of various federal statutes, including the Truth in Lending Act ("TILA") (15 U.S.C. § 1601 et seq.), the Real Estate Settlement Procedures Act (RESPA") (12 U.S.C. § 2601 et seq.), the Home Ownership and Equity Protection Act ("HOEPA") 15 U.S.C. § 1602, and the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692, and sets forth various state law causes of action.

4. Removal is proper because the district court has original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States, which includes TILA, RESPA, HOEPA, and FDCPA and the entire case may be removed whenever a separate and independent claim or cause of action within the jurisdiction of the district court is joined

2

1  with one or more otherwise nonremovable claims or causes of
2  action.  28 U.S.C. § 1331.

3          5.    Any civil action brought in a State court of
4  which the district courts of the United States have original
5  jurisdiction, may be removed by the defendant or the defendants,
6  to the district court of the United States for the district and
7  division embracing the place where such action is pending.  28
8  U.S.C. § 1441.

9          6.    Defendant has complied with the procedures for
10 removal set forth in 28 U.S.C. § 1446.  Notice of this Removal
11 is being provided to plaintiffS in pro se as follows: Tangi
12 Taumoefolau and Ana Tamuoefolau 48 Northwich Court, Sacramento,
13 California 95823.  Pursuant to § 1446(d), a copy of this Notice
14 of Removal will be filed with the Superior Court of the State of
15 California in and for the County of Sacramento.  A copy of all
16 process, pleadings and orders served on the Defendant is
17 attached.

18    WHEREFORE, for the foregoing reasons, Defendant removes
19 this action from the Superior Court of the State of California
20 in and for the County of Sacramento to the United States
21 District Court for the Eastern District of California and
22 respectfully request the Court to exercise jurisdiction over
23 this action.

24 Dated:  January 15, 2009

25                      MALCOLM ♦ CISNEROS

26

27                By: _____
                       WILLIAM G. MALCOLM
28                     Attorneys for CENTRAL MORTGAGE COMPANY

1-06-09

**CM-010**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
TANGI TAUMOEFOLAU and ANNA TAUMOEFOLAU
48 NORTHWICH COURT
SACRAMENTO, CA 95823

TELEPHONE NO.: (916) 470-8314        FAX NO.:
ATTORNEY FOR *(Name):*

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   SACRAMENTO
STREET ADDRESS: 720 9TH STREET
MAILING ADDRESS:
CITY AND ZIP CODE: SACRAMENTO, CA 95814
BRANCH NAME: GORDON D SCHABER DOWNTOWN COURTHOUSE

CASE NAME:

**FILED**
Superior Court Of California,
Sacramento
Dennis Jones, Executive
Officer
11/21/2008
avlaisavich
By_____, Deputy
Case Number:
34-2008-00027478-CU-OR-GDS

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:  DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[✓] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties        d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve           in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence          f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[✓] monetary  b.[✓] nonmonetary; declaratory or injunctive relief  c.[✓] punitive
4. Number of causes of action *(specify):* (16) STATUTORY VIOLATION, SLANDER OF TITLE, FRAUD
5. This case [ ] is [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date:
TANGI and ANNA TAUMOEFOLAU
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

SIERRA PACIFIC MORTGAGE COMPANY, INC.
MTC FINANCIAL INC. dba TRUSTEE CORPS,
CENTRAL MORTGAGE COMPANY d/b/a CENTRAL
MORTGAGE LOAN SERVICING COMPANY, DOES 1-X inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

TANGI TAUMOEFOLAU and

ANA TAUMOEFOLAU as Joint Tenants

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
GORDON D SCHABER DOWNTOWN COURTHOUSE
720 9TH STREET
SACRAMENTO, CA 95814

CASE NUMBER:
*(Número del Caso):* 34-2008-00027979-CU-OR-GDS

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

TANGI and ANNA TAUMOEFOLAU, 48 NORTHWICH COURT
SACRAMENTO, CA 95823

DATE: NOV 21 2008          Clerk, by _____ A. MACIAS _____, Deputy
*(Fecha)*                  *(Secretario)*                      *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☒ on behalf of *(specify)*: Central Mortgage Company d/b/a Central Mortgage Loan Servicing Company

under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
       ☐ other *(specify)*:

4. ☒ by personal delivery on *(date)*: 1-06-09

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

SUMMONS

Code of Civil Procedure §§ 412.20, 465

American LegalNet, Inc.
www.USCourtForms.com

1    COMP
TANGI TAUMOEFOLAU and
2    ANA TAUMOEFOLAU as Joint Tenants
48 Northwich Court
3    Sacramento, CA  95823
(916)  470-8314
4    Plaintiffs In Pro Per

FILED
Superior Court Of California,
Sacramento
Dennis Jones, Executive
Officer
11/21/2008
avfaisavich
By_____ , Deputy
Case Number:
34-2008-00027479-CU-OR-GDS

5

6                SUPERIOR COURT OF THE STATE OF CALIFORNIA
                        COUNTY OF SACRAMENTO
7

8    TANGI TAUMOEFOLAU and
ANA TAUMOEFOLAU as Joint Tenants
9                                              CASE NO: _____
                                               JUDGE: _____
10              Plaintiffs,
                                               COMPLAINT
11
        V.
12                                             Arbitration Exemption
                                               Claimed:  Action concern
13   SIERRA PACIFIC MORTGAGE             title to real property
     COMPANY, INC., MTC FINANCIAL INC.
14   dba TRUSTEE CORPS, CENTRAL
     MORTGAGE COMPANY D/B/A
15   CENTRAL MORTGAGE LOAN
     SERVICING COMPANY, and Does 1-X
16   Inclusive.

17                                             *Department
                                               Assignments*
18              Defendants.                    *Case Management 43*
                                               *Law and Motion 54*
19                                             *Minors Compromise 25*

20

21

22        COME NOW, Plaintiffs TANGI TAUMOEFOLAU AND ANA TAUMOEFOLAU *In*

23   *Proper Person* and hereby complain and allege as follows:

24

25

26

27          ALLEGATIONS COMMON TO ALL COUNTS

28

                                    1
                        _____
                                Complaint

Plaintiffs, TANGI TAUMOEFOLAU and ANA TAUMOEFOLAU at all times relevant has been a resident of the County of Sacramento, State of California and the owner of Real Property, including but not limited to the property at issue herein, 48 Northwich Court Sacramento, CA 95823 and more particularly described as:

THE LAND DESCRIBED HEREIN AS SITUATED IN THE STATE OF CALIFORNIA, COUNTY OF SACRAMENTO, CITY OF SACRAMENTO, AND IS DESCRIBED AS FOLLOWS:

LOT 137, AS SHOWN ON THE MAP OF "STEAMBOAT BENT UNIT NO. 3" FILED IN THE OFFICE OF THE COUNTY RECORDER OF SACRAMENTO COUNTY, STATE OF CALIFORNIA, ON DECEMBER 22, 2003, IN BOOK 323 OF MAPS, AT PAGE 8.

APN: 052-0200-053

1. Mortgage Electronic Registration Systems Inc., (hereinafter referred to as "MERS") is not a defendant in this litigation however at all times herein mentioned was doing business in the County of Sacramento, State of California and alleged to be the Beneficiary regarding Plaintiffs' Real Property as described above and as Situated in Sacramento County California.

2. Defendant, SIERRA PACIFIC MORTGAGE COMPANY, INC. (hereinafter referred to as "SPMC") at all times herein mentioned was doing business in the County of Sacramento, State of California and was the original Lender for Plaintiffs' First Trust Deed and Note.

3. Defendant, CENTRAL MORTGAGE COMPANY D/B/A CENTRAL MORTGAGE LOAN SERVICING COMPANY (hereinafter referred to as "CMC") at all times relevant were and are doing business in the County of Sacramento State of California and have claimed and are claiming an interest in Plaintiffs' Property either as a

loan servicer, or Trustee or Beneficiary these defendants are somewhere in the chain of loan servicers and have no other interest in this Note.

4.      Defendant MTC FINANCIAL INC. DBA TRUSTEE CORPS(hereinafter referred to as "MTC") at all times herein mentioned was doing business in the County of Sacramento, State of California and was appointed the successive trustee by CMC to conduct the foreclosure of the above named Real Property.

5.      Plaintiffs are ignorant of the true names and capacities of defendants sued herein as DOES I through X, inclusive, and therefore sues these defendants by such fictitious names. Plaintiffs will ask leave of court to insert the true names and capacity of DOES I-X when the same have been ascertained and to join such Defendants in this action.

6.      Plaintiffs are informed and believe and thereon allege that, at all times herein mentioned each of the defendants sued herein in relation to the property they claim an interest in was the agent and employee of each of the remaining defendants thereof and at all times was acting within the purpose and scope of such agency and employment.

7.      Plaintiffs purchased the foregoing Real Property and on or about October 21, 2005 financed their purchase through SPMC by virtue of a First and Second Trust Deed and Notes securing the Loans.

8.      Defendant MTC caused MERS to go on title as the "Nominee Beneficiary" in order to hide the true Identity of the successive Beneficiaries, On information and belief a Nominee is a person or entity or organization in whose name a security is registered

though true ownership is held by another party, in other words MERS is not the Beneficiary.

9.    On information and Belief MERS was not and is not an Agent and has NO right to act for or on behalf of or as a Beneficiary, but is merely a Nominee who holds title in his name for another, and even this title is defective as the Beneficiary is not disclosed.

10.    On information and belief MTC immediately sold the notes and Trust Deeds ("TD") prior to or after the first payment became due, eventually the defendants as sued herein claimed an interest in the said Notes and Trust Deeds, and CMC wrongfully acted as the Beneficiary and substituted MTC as the successive trustee and  MTC thereafter recorded the Notice of Default and Election to Sell Under Deed of Trust, and has set a sale Date stated in their Notice of Trustee Sale . There claimed interest is at best a Fraud as will be more fully explained hereinafter.

11.    On or about October 21, 2005, Plaintiffs executed an "Adjustable Rate Note" promising to pay SPMC the sum of Three Hundred Ninety Two and Nine Hundred Dollars ($392,900.00), by monthly payment commencing December 1, 2005.

12.    The Adjustable Rate Note was based on a 1 year Libor index.

13.    Plaintiffs allege that Defendants and each of them neither explained the workings of the rate, how it is computed nor its inherent volatility.

14.    Further, on information and belief, Plaintiffs allege that the Defendants charged and obtained improper fees for the placement of their loan as "sub-prime" when they qualified for a prime rate mortgage which would have generated less in fees and interest.

15.    On information and belief, Plaintiffs allege that the purported note was,

without their knowledge, by some means transferred or sold from or by Defendant SPMC, either partly or completely to Doe 1 who is unknown to Plaintiffs without properly recording the assignment or the transfer with Sacramento County Recorder.

16.     Also on October 21, 2005, Plaintiffs executed a "Deed of Trust" which cited the lender as SPMC.

17.     On or about November 4, 2005, the Deed of Trust was recorded with the Sacramento County Recorder and GREENHEAD INVESTMENTS, INC. was also named as Trustee of the Deed of Trust.

On or about December 1, 2005 Plaintiffs received a "Mortgage Loan Statement" from SPMC for the property address: 48 Northwich Court, Sacramento, CA  95823.

18.     The Mortgage Loan Statement included a coupon for payment with a mailing address for SPMC.

19.     On or about July 31, 2008, an employee or agent of MTC executed on behalf of the alleged Beneficiary a "Notice of Default and of Election to Sell Under Deed of Trust" (hereinafter referred to as "Notice of Default").

20.     On or about September 09, 2008, a substitution of Trustee was recorded with the Sacramento County Recorder naming MTC as the new trustee, authorized by CMC, as the alleged present beneficiary.

21.     Based on information and belief, the original note and deed of trust was sold and assigned to DOE I and the same have remained in hiding and failed to record the assignment or transfer of the original note and the deed of trust in Sacramento County Recorder prior to the commencement of foreclosure against Plaintiffs.

22.     Defendant CMC's claim as the new beneficiary was not recorded prior to

the commencement of foreclosure against Plaintiffs.

23.    On the Notice of Default, it stated, in part, that Plaintiffs as Trustor, to secure certain obligations in favor of SPMC as the original lender and MERS as nominee for SPMC, as beneficiary.

24.    It further states that:

> That by reason thereof, of the present beneficiary under such deed of Trust, has executed and delivered to said trustee, a written Declaration and Demand for Same, and has deposited with said duly appointed Trustee, such deed of trust and all documents evidencing the obligations secured thereby, and has declared and does hereby declared all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

## FIRST CAUSE OF ACTION

(Violation of 15 U.S.C. § 1611 et seq.)
Against all Defendants

Plaintiffs repeat and reallege Paragraphs 1 through 24 as though fully set forth herein.

25.    On information and belief, Plaintiffs allege that Defendants and each of them are directly or indirectly agents or employees or persons actively involved in the extension of credit as the term is defined under the Truth in Lending Statute (TILA).

26.    On information and belief, Plaintiffs allege that Defendants and each of them are subject to the requirements of the Truth in Lending Statute (TILA) and have violated the requirements of the act in that among other things:

A.    They have refused and continued to refuse to validate or otherwise make a full accounting and the required disclosures as to the true finance charges and fees;

B.    They have improperly retained funds belonging to Plaintiffs in amounts to be determined;

C.    To disclose the status of the ownership of the loans.

27.    Plaintiffs further allege that these violations are such as to require rescission or cancellation of the loan herein and return of all funds received by Defendants from Plaintiffs.

28.    Plaintiffs further allege that they are entitled to compensatory damages in an amount to be determined at trial.

29.    Plaintiffs further allege that they are entitled to attorneys fees according to statute in the event that they retain counsel.

30.    On information and belief, Plaintiffs allege that Defendants have acted in violation of the TILA act, willfully, maliciously, oppressively and fraudulently and in conscious disregard for the rights of Plaintiffs and as such, Plaintiffs are entitled to punitive damages.

## SECOND CAUSE OF ACTION
(Violation of 12 U.S.C. § 2605 et seq.)
Against all Defendants

Plaintiffs repeat and reallege Paragraphs 1 through 24 as though fully set forth herein.

31.    Based upon information and belief, and on that basis Plaintiffs allege that Defendants and each of them are such that they fall within the requirements of the Real Estate Settlement Procedures Act (RESPA).

32.    Based upon information and belief, and on that basis Plaintiffs allege that Defendants and each of them, placed loans for the purpose of unlawfully increasing or

7

otherwise obtaining yield spread fees and sums in excess of what would have been lawfully earned.

33.    Based upon information and belief, and on that basis Plaintiffs allege that Defendants SPMC, MTC, CMC either individually or jointly as "Servicers" as that term is used with the RESPA act and either individually or jointly violated the requirements of 12 U.S.C. § 2605(B) in that the servicing contract or duties there under were transferred or hypothecated without the required notice.

34.    Plaintiffs allege that these violations require rescission or cancellation of the loan and a return of all funds received by Defendants from Plaintiffs.

35.    Plaintiffs further allege that they are entitled to compensatory damages in an amount to be determined at trial.

36.    Plaintiffs further allege that they are entitled to attorneys fees according to statute in the event that they retain counsel.

## THIRD CAUSE OF ACTION
(Violation of 15 U.S.C. § 1602 et seq.)
Against all Defendants.

Plaintiffs repeat and reallege Paragraphs 1 through 24 as though fully set forth herein.

37.    Based upon information and belief, and on that basis Plaintiffs allege that the mortgage obtained by them through Defendant SPMC by means unknown obtained and enforced by other Defendants herein falls within the purview of 15 U.S.C. § 1602 et seq., commonly known as the "Home Ownership and Equity Protection Act of 1994 (HOEPA).

38.    Based upon information and belief, and on that basis Plaintiffs allege that

the loan was placed in violation of the HOEPA act as it was placed and administered and otherwise utilized without regard to Plaintiffs' income or cash flow and with the intention of inducing a default.

39.    Plaintiffs became aware of this upon the discovery of Defendants' intent to wrongfully foreclose and sell their property.

40.    As a direct and a legal consequence of the above actions, Plaintiffs have been damaged in a sum to be proven at trial.

### FOURTH CAUSE OF ACTION
(Violation of 15 U.S.C. § 1692)
Against all Defendants

Plaintiffs repeat and reallege Paragraphs 1 through 24 as though fully set forth herein.

41.    Based upon information and belief, and on that basis Plaintiffs allege that Defendants and each of them are "debt collectors" either directly or through agents as that term is used in the United States Code.

42.    Plaintiffs allege that they duly and properly on more than one occasion requested validation of the "debt" under 15 U.S.C. § 1692, the Fair Debt Collection Practices Act (FDCPA).

43.    Plaintiffs further allege that Defendants did not respond to their demands in such a ways as to meet the requirements of the act.

44.    Plaintiffs are entitled to statutory damages under the FDCPA.

### FIFTH CAUSE OF ACTION
(Breach of Fiduciary Duty)
Against all Defendants

Plaintiffs repeat and reallege Paragraphs 1 through 24 as though fully set forth

Complaint

herein.

45.    At all times relevant, Defendants created, accepted and acted in a fiduciary relationship of great trust and acted for and were the processors of property for the benefit of Plaintiffs.

46.    Defendants further placed themselves in a position of trust by virtue of the expertise represented by and through their employees.

47.    Defendants breached their fiduciary duties owed to Plaintiffs as they have acted and continue to act for their own benefit and to the detriment of Plaintiffs.

48.    Among other things, they have placed and negotiated loans without due care to the best interests of Plaintiffs or for the protection of their rights.

49.    As a direct and proximate result of the breach of the fiduciary duties, Plaintiffs has suffered economic damages and loss of funds and payment of fees improperly incurred in an amount to be proved at trial.

50.    On information and belief, Plaintiffs allege that Defendants have acted willfully, maliciously, oppressively and fraudulently and in conscious disregard for the rights of Plaintiffs and as such, Plaintiffs are entitled to punitive damages.

### SIXTH CAUSE OF ACTION
(Breach of Covenant of Good Faith and Fair Dealing)
Against all Defendants

Plaintiffs repeat and reallege Paragraphs 1 through 24 as though fully set forth herein.

51.    Plaintiffs allege that at all times there existed an implied covenant of good faith and fair dealing requiring Defendants, and each of them, to safeguard, protect, or otherwise care for the assets and rights of Plaintiffs.    Said covenant prohibited

10

1   Defendants from activities interfering with or contrary to the rights of Plaintiffs.

2       52.    Plaintiffs allege that the commencement of foreclosure proceedings upon

3   the property lawfully belonging to Plaintiffs without the production of documents and

4   recordation of the subsequent assignments demonstrating the lawful rights for the

5   foreclosure constitutes a breach of the covenant.

6

7       53.    As a direct and proximate result, Plaintiffs has been damaged in a sum to

8   be proven at trial.

9                       **SEVENTH CAUSE OF ACTION**
                               (Injunctive Relief)
10                            Against all Defendants

11
        Plaintiffs repeat and reallege Paragraphs 1 through 24 as though fully set forth
12
    herein.
13

14      54.    Plaintiffs seek a determination as to the legal status of the parties to the

15  Adjustable Rate Note and the Deed of Trust.

16
        55.    The Adjustable Rate Note states that the Lender is SPMC.
17

18      56.    It also states, "Lender or anyone who takes this Note by transfer and who is

19  entitled to receive payment under this Note is called the "Note Holder."

20      57.    SPMC sent to Plaintiffs a statement dated on or about December 1, 2005,

21  with a coupon asking for payment.

22
        58.    The Notice of Default signed on or about July 31, 2008 states that CMC is
23
    the Beneficiary.
24

25      59.    The deed of trust "states that "SPMC" is the beneficiary.

26      60.    There is a controversy to be decided by this Honorable Court as on or

27  about October 21, 2005, Plaintiffs received a Deed of Trust stating that the money is

28

owed to SPMC, as the lender and MERS as the beneficiary. On or about July 31, 2008, the Notice of Default was recorded in Sacramento County Recorder citing MTC as the new trustee on behalf of CMC, meaning that CMC is the new alleged beneficiary, but there was no recordation of the transfer or assignment of the deed of trust to CMC prior to the commencement of the foreclosure against Plaintiffs, which is a clear violation of California Civil Code 2932.5 which is explained later in this complaint.

61.    Defendants should be required to provide the original note with the appropriate endorsements thereon to Plaintiffs or this Honorable Court so that it may determine in accordance with the California Civil Code and Statutes, who owns the right to receive payments on this loan and exercises the rights relating to said ownership.

62.    Only the Note Holder is authorized to collect payments and, in the event of a default, commence foreclosure proceedings, including authorizing the substitution of a Trustee.

63.    Until Defendants are able to provide Plaintiffs and this Honorable Court the aforementioned documents, this Honorable Court should order that Plaintiffs are not required to make any further payments on the Adjustable Rate Note and enjoin any further collection activity on the Note, including staying the count down towards the date a Notice of Trustee's sale may be filed and served.

### EIGHTH CAUSE OF ACTION
(Injunctive Relief)
Against all Defendants

Plaintiffs repeat and reallege Paragraphs 1 through 24 as though fully set forth herein.

64.    Plaintiffs are the owner in fee simple of the real property located at 48 Northwich Court, Sacramento, CA  95823 and more particularly described as:

THE LAND DESCRIBED HEREIN AS SITUATED IN THE STATE OF CALIFORNIA, COUNTY OF SACRAMENTO, CITY OF SACRAMENTO, AND IS DESCRIBED AS FOLLOWS:

LOT 137, AS SHOWN ON THE MAP OF "STEAMBOAT BENT UNIT NO. 3" FILED IN THE OFFICE OF THE COUNTY RECORDER OF SACRAMENTO COUNTY, STATE OF CALIFORNIA, ON DECEMBER 22, 2003, IN BOOK 323 OF MAPS, AT PAGE 8.

APN:  052-0200-053

65.    Plaintiffs received the fee simple title by virtue of the Grant, Bargain, Sale Deed recorded in the Office of the County Recorder, Sacramento, California.

66.    Defendants SPMC, MTC and CMC claim an interest or estate in the Plaintiffs' property disputing or denying Plaintiffs' rights to ownership and by contending that their ownership is or will be with the Defendants by means of a Trustee's sale.

67.    Plaintiffs allege that Defendants SPMC, MTC and CMC have no such right, title or interest in the estate of the Property in that the Trustee's sale proposed will be fraudulent or otherwise in violation of federal and state law and transfer no rights to Defendants.

68.    Defendants have wrongfully interfered with or threaten to interfere with Plaintiffs' use and enjoyment of the Property in that they threaten to dispossess them.

69.    Defendants' threats to dispossess Plaintiffs of their home will continue unless and until enjoined or restrained by this Honorable Court.

70.    Failure to enjoin or restrain Defendants will cause Plaintiffs grave and irreparable harm as they will be deprived of the use and enjoyment of unique property.

71.    Plaintiffs have no adequate remedy at law for the threatened and continuing

conduct of the impending Trustee's sale. The sale of Plaintiffs' home will not be properly compensated by an award of money damages.

72.    Plaintiffs further allege that the conduct herein described is of such a nature and character to give them title to the Property

### NINTH CAUSE OF ACTION
(For Declaratory Relief)
Against all Defendants

Plaintiffs repeat and reallege Paragraphs 1 through 24 as though fully set forth herein.

73.    A dispute has arisen between and among Plaintiffs and Defendants and each of them as to the duties and obligations of the respective parties with regard to the loan or the foreclosure.

74.    These disputes concern but are not limited to the ownership rights and the validity of the commencement of the foreclosure process.

75.    As to these issues, Plaintiffs is required to seek this relief.

76.    Plaintiffs further allege that a declaration of rights and duties of the parties herein are essential to determine the actual status and validity of the loan, deed of trust, nominated beneficiaries, actual beneficiaries, loan servicers, trustees instituting foreclosure proceedings and related matters.

### TENTH CAUSE OF ACTION
(To set aside wrongful Foreclosure)
Against all Defendants

Plaintiffs repeat and reallege Paragraphs 1 through 24 as though fully set forth herein.

77.    Plaintiffs seeks a determination as to the legal status of CMC, as the actual

14

Complaint

beneficiary that can lawfully commence foreclosure against Plaintiffs without producing the necessary documents such as the original note to prove this honorable court its status as the note holder in due course and the legality of its foreclosure action without properly recording the assignment of the deed of trust prior to its commencement.

78.    Furthermore, based on information and belief, MERS will keep the transfer or assignments of the note and deed of trust internally and would not record nor inform the Plaintiffs of the said transfers or assignments.

79.    As a result, the loan may be transferred from company to company, or bundled together with other loans, pledged to quasi-governmental agencies and then sold as securities on the stock exchange.

80.    This practice allows the beneficiary to allegedly be changed without the necessity of completing an "assignment of deed of trust", obtaining the appropriate signatures, and recording the assignment with the Sacramento County Recorder and otherwise notifying Plaintiffs of a change in their beneficiary.

81.    Defendant MTC commenced foreclosure against Plaintiffs under the authority of CMC, but CMC did not have the standing of a true beneficiary or of that of the "NOTE HOLDER" the holder in due course.

82.    Defendant CMC, made a representation to Plaintiffs on or about July 31, 2008 that CMC had the rights and standing of a beneficiary under California law.

83.    This statement was made on the Notice of Default and executed by an agent from MTC, the alleged trustee for CMC.

84.    When Defendant MTC, made the representations that CMC is the beneficiary under the Notice of Default, CMC knew that the statement was false when

made.

85.     The statement was made to have Plaintiffs rely on the misrepresentation by executing the said notice and did actually rely on the misrepresentation.

86.     Plaintiffs have been damaged as a result of said reliance as they have had the title to the Property slandered as a result of the commencement of the foreclosure process against Plaintiffs.

87.     Plaintiffs have been further damaged by the necessity of seeking judicial intervention to prevent the foreclosure of the Property.

88.     On information and belief, Plaintiffs allege that Defendants MTC, CMC and have acted willfully, maliciously, oppressively and fraudulently and in conscious disregard for the rights of Plaintiffs and as such, Plaintiffs are entitled to punitive damages.

## ELEVENTH CAUSE OF ACTION
### (For Fraud)
### Against all Defendants

Plaintiffs repeat and reallege Paragraphs 1 through 24 as though fully set forth herein.

89.     On or about July 31, 2008, an employee of MTC executed on behalf the alleged Beneficiary a "Notice of Default" which stated that the payments were due to CMC. "Notice of Default and Election to Sell Under Deed of Trust" (hereinafter referred to as "Notice of Default").

90.     On the Notice of Default, it stated, in part, that Plaintiffs as Trustor, to secure certain obligations in favor SPMC as the lender and MERS as the nominee for SPMC, as beneficiary.

91.     It further states that:

16

Complaint

That by reason thereof, of the present beneficiary under such Deed of Trust, has executed and delivered to said trustee, a written Declaration and Demand for Sale, and has deposited with said duly appointed Trustee, such Deed of Trust and all documents evidencing the obligations secured thereby, and has declared and does hereby declared all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

92.    This representation was made by these defendants in order to induce reliance by Plaintiffs.

93.    Plaintiffs did rely on these representations and because of their reliance their property has advanced in the foreclosure stage to a sale and Plaintiffs' reliance was justified.

94.    Plaintiffs are informed and believe that the representation as stated on the Notice of Default were a false representation in the following particular(s)

A.    Documents were not provided to the trustee that showed that CMC was the Beneficiary and entitled to the payments.

B.    At the time MTC made the representations CMC knew they were false and were made for the sole purpose of inducing reliance.

95.    The only note the Defendants will and can produce on this trial in at best is an old certified copy which is not the ***original note*** that Plaintiffs signed with their wet signatures and fingerprints that can be relied upon by Plaintiffs handwriting analysis expert.

96.    There is no proof, without the recordation, that a proper chain of assignments took place and that the lien positions were properly perfected.

97.    Without the possession of the original note the security interest is not also perfected by the secured party and without it there is no evidence that a debt is owed to

the creditor.

98.    Plaintiffs have been damaged in having their home wrongfully placed in foreclosure and a slander of their title, and being required to become involved in this litigation all to their damages and injuries the amount of which are subject to proof at the time of trial.

99.    That MTC and CMC were aware of the false representations of the same and remained silent thereby aiding MTC in their misrepresentation.

100.    That the actions of these defendants were willful, oppressive and fraudulent so as to justify an award of Exemplary damages.

## TWELFTH CAUSE OF ACTION
### (To Set aside a defective Foreclosure)
### All Defendants

Plaintiffs repeat and reallege Paragraphs 1 through 24 as though fully set forth herein.

101.    Paragraph 20 of the written Deed of Trust contains a provision REQUIRING a condition precedent to commencing a foreclosure.

## Paragraph 20 States:

*Neither borrow or lender may commence, join, or be joined to any judicial action* (as either an individual litigant, or the member of a class, that arises from the other party's actions pursuant to this security instrument or allege that the other party has breached any provision of, or any duty by reason of, this Security Instrument*, until such borrower or lender has notified the other party (with such notice given in compliance with the requirements of section 15) of such alleged breach and afforded the other party hereto a reasonable period after giving of such notice to take corrective action.* If applicable law provides a time period which must elapse before certain action can be taken, that time period will be deemed to be reasonable for the purposes of this paragraph. The notice of acceleration and notice to cure given to borrower pursuant to Section 22 and the notice of acceleration given to borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective

action provisions of this Section 20. (Emphasis added.)

102.    There is a condition precedent for an assignee of a Deed of Trust prior to commencing a foreclosure;

The Condition found at Cal. Civ. Code section 2932.5 is as follows:

Where a power to sell real property is given to a mortgagee, or other encumbrancer, in an instrument intended to secure the payment of money, the power is part of the security and vests in any person who by assignment becomes entitled to payment of the money secured by the instrument. The power of sale may be exercised by the assignee *if* the assignment is duly **acknowledged and recorded**. (emphasis added)

103.    Defendants failed to perform the condition precedent as required by Paragraph 20 of the Deed of Trust.

104.    Defendants drafted the Deed of Trust, Plaintiffs had no opportunity  to negotiate the terms of the instrument

105.    Plaintiffs are informed and believe that there was the Deed of Trust was assigned to Doe 1 who has remained in hiding, which assignment Plaintiffs is informed and believes was not recorded prior to the commencement of the foreclosure.

106.    On information and belief The Notice of Default was recorded on or about July 31, 2008, CMC, failed to record the assignment prior to the commencement of the Foreclosure against Plaintiffs.

107.    Defendant Doe 1, who may or may be the true beneficiary failed to record the assignment prior to commencing the foreclosure as such the Foreclosure was not conducted in accordance with the California Civil Code.

108.    Defendants CMC and MTC are the wrong party to foreclose.

109.    The Foreclosure was defective as such the Property must be restored to

Plaintiffs or Plaintiffs is entitled to the value of thereof.

## THIRTEENTH CAUSE OF ACTION
### Negligence (Suitability of loan)
### ALL DEFENDANTS

110.    Defendants AND EACH OF THEM retained a professional duty and obligation to Plaintiffs to ensure that only those loans which were most suitable to Plaintiffs' personal financial condition, the property at issue, and their financial well-being would be presented and offered to them; these Defendants knew that Plaintiffs would rely upon the Defendants' greater expertise and knowledge in this area in making Plaintiffs selection, if any, for financing of their mortgages.

111.    The Defendants breached their professional duties and obligations by providing a sub-prime loan that was neither suitable nor appropriate for Plaintiffs' personal financial condition and well-being.

112.    As a result of the breach of the duty to provide suitable lending instruments to the Plaintiffs, the Plaintiffs has sustained, and will continue to sustain irreparable damage of both their credit history, credit rating, mortgage rating, the inability to obtain an additional mortgage, inability to obtain alternate financing, inability to obtain a fixed rate financing at the prevailing favorable rate available in 2006, and continuing.

## FOURTEENTH CAUSE OF ACTION
### Negligence per se
### All defendants

113.    The mortgage broker Defendants and lender Defendants are subject to United States Codes and California Civil Code provisions that govern and direct their conduct.  These Statutes and code sections were drafted and passed by the California Legislature to protect borrowers in the State of California.

114.   Plaintiffs were a member of the class of residents of the State of California for whose benefit the Statutes and Codes were enacted and for whose protection the Statutes and Codes were designed to provide.

115.   The Defendants violated the Statutes and Codes enumerated at Federal Regulations such as RESPA, Truth in Lending, and Hoepa, etc.

116.   As a direct and proximate result of the conduct described herein, and omissions of Defendants, Plaintiffs has suffered mental anguish, conscious pain and suffering, and mental distress from their economic misfortune all in an amount in excess of $10,000.00.

117.   As a direct and proximate result of the above described conduct and omissions of Defendants, Plaintiffs has sustained and is certain to sustain in the future, losses, injuries, and additional damages of emotional, physical, and economic nature, all in excess of $10,000.00.

118.   As a direct and proximate result of the above described conduct and omissions of the Defendants, Plaintiffs has suffered and will continue to suffer in the future personal, mental, physical, and economic damages in an amount in excess of $10,000.00.

### FIFTEENTH CAUSE OF ACTION
Negligent Misrepresentation
ALL DEFENDANTS

119.   The Defendants had a duty and obligation to represent accurately, truthfully, and completely all the information that Plaintiffs relied upon in performing THEIR investigation, consideration and evaluation of whether to obtain additional

mortgage financing, alternate mortgage financing, and/or the selection of financing for the subject property.

120.    The Defendants breached their duty and obligation to provide accurate, truthful and complete information by failing to provide the information to Plaintiffs in a manner that they would understand with their limited understanding, education and training in these matters, and they failed to provide all the information necessary for Plaintiffs to make a complete accurate and well-thought decision on these financial issues, all of which caused them damage.

121.    Plaintiffs relied upon the negligent misrepresentations of the Defendants informing their decision regarding the loan transactions at issue.

122.    As a direct and proximate result of the conduct described herein, and omissions of Defendants, Plaintiffs have suffered mental anguish, conscious pain and suffering, and mental distress from their economic misfortune all in an amount in excess of $10,000.00.

123.    As a direct and proximate result of the above described conduct and omissions of Defendants, Plaintiffs has sustained and is certain to sustain in the future, losses, injuries, and additional damages of emotional, physical, and economic nature, all in excess of $10,000.00.

124.    As a direct and proximate result of the above described conduct and omissions of the Defendants, Plaintiffs has suffered and will continue to suffer in the future personal, mental, physical, and economic damages in an amount in excess of $10,000.00.

**SIXTEENTH CAUSE OF ACTION**
Intentional Misrepresentation

22

Complaint

ALL DEFENDANTS

125. The Defendants had a duty to represent accurately, truthfully, and completely all the information to Plaintiffs and in a manner that the Plaintiffs actually understood the content of the information so that Plaintiffs could make and be responsible for the decision whether to finance, if so, which loan to use to finance, and the advantages and disadvantages of the various types of loans.

126. The Defendants intentionally misrepresented the nature of the loans, that the Plaintiffs needed, the interest rate, and the terms or that a new mortgage was suitable for Plaintiffs that a new mortgage of a sub-prime nature was in Plaintiffs' benefit, and other intentional misrepresentations which Plaintiffs relied upon to inform them in their decision regarding the loan transactions.

127. As a direct and proximate result of the conduct described herein, and omissions of Defendants, Plaintiffs have suffered mental anguish, conscious pain and suffering, and mental distress from their economic misfortune all in an amount in excess of $10,000.00.

128. As a direct and proximate result of the above described conduct and omissions of Defendants, Plaintiffs have sustained and are certain to sustain in the future, losses, injuries, and additional damages of emotional, physical, and economic nature, all in excess of $10,000.00.

129. As a direct and proximate result of the above described conduct and omissions of the Defendants, Plaintiffs has suffered and will continue to suffer in the future personal, mental, physical, and economic damages in an amount in excess of $10,000.00.

Complaint

130.    As a direct and proximate result of the Defendants' intentional misrepresentation, Plaintiffs sustained severe and catastrophic economic damages as well as severe emotional and physical damages; as such, the Defendants' conduct was sinister, callous, and done with malice, oppression and fraud, and the Defendants should be punished accordingly; therefore, Plaintiffs respectfully requests an award of exemplary or punitive damages against the Defendants as the Court deems proper.

WHEREFORE, Plaintiffs prays for damages as follows:

1.    For an order compelling said Defendants, MTC, MTC, and GMAC, and each of them, to transfer legal title of the subject property to Plaintiffs Tangi and ANA Taumoefolau.

2.    For compensatory damages in an amount in excess of Twenty Five Thousand Dollars ($25,000.00);

3.    For punitive damages in an amount in excess of Twenty Five Thousand Dollars ($25,000.00);

4.    For any statutory damages according to law;

5.    For a judgment forever enjoining said defendants, and each of them, from claiming any estate, right, title or interest in the subject property

6.    For attorney's fees in the event that counsel is retained;

7.    To set aside the sale or for damages

8.    For such further and other relief as the Court deems just and proper.

DATED this ___2/___ day of November 2008.

Complaint

1
2
3                                    _____
                                     TANGI TAUMOEFOLAU
4
5                                    _____
6                                    ANA TAUMOEFOLAU
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

25
Complaint

VERIFICATION

I, TANGI TAUMOEFOLAU , am one of the Plaintiffs in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed at Sacramento County, California.

DATED:  November 21, 2008

TANGI TAUMOEFOLAU

VERIFICATION

I, ANA TAUMOEFOLAU, am one of the Plaintiffs in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed at Sacramento County, California.

DATED:  November 21, 2008

ANA TAUMOEFOLAU

26

Complaint



### SUPERIOR COURT OF CALIFORNIA
COUNTY OF SACRAMENTO

CIVIL & TRIAL SUPPORT — ROOM 102
(916) 874-5522 • WWW.SACCOURT.COM
720 NINTH STREET SACRAMENTO, CALIFORNIA 95814

# Important Notice

This packet contains important information and new *Mandatory Local Forms* pertaining to the Mediation Program.

Please review this material carefully to ensure proper handling.



## SUPERIOR COURT OF CALIFORNIA
COUNTY OF SACRAMENTO
720 9TH STREET ~ ROOM 101
SACRAMENTO, CALIFORNIA, 95814

# ALTERNATIVE DISPUTE RESOLUTION
# INFORMATION SHEET

**The Court requires that all counsel provide a copy of this Alternative Dispute Resolution Information Sheet to their clients.**

**Plaintiff / Cross-Complainant is required to include this ADR Information Sheet when he or she serves the complaint on any Defendant / Cross-Defendant.**

Recognizing that many civil disputes can be resolved without the time and expense of traditional civil litigation, the Superior Court of California, County of Sacramento (Sacramento County Superior Court), strongly encourages parties in civil cases to explore and pursue the use of Alternative Dispute Resolution.

## What is Alternative Dispute Resolution?

Alternative Dispute Resolution (ADR) is the general term applied to a wide variety of dispute resolution processes which are alternatives to lawsuits. Types of ADR processes include:

- Arbitration,
- Mediation,
- Neutral evaluation,
- Mini-trials,
- Settlement Conferences,
- Private judging,
- Negotiation and *hybrids* of these processes.

All ADR processes offer a partial or complete alternative to traditional court litigation for resolving disputes. At the present time, the Sacramento County Superior Court offers Mediation and Arbitration.

Alternative Dispute Resolution Information Sheet

## What are the advantages of using ADR?

ADR can have a number of advantages over traditional court litigation.

* **ADR can save time.** Even in a complex case, a dispute can be resolved through ADR in a matter of months or weeks, while a lawsuit can take years.

* **ADR can save money.** By producing earlier settlements, ADR can save parties and courts money that might otherwise be spent on litigation costs (attorneys fees and court expenses.)

* **ADR provides more participation.** Parties have more opportunity with ADR to express their own interests and concerns, while litigation focuses exclusively on the parties' legal rights and responsibilities.

* **ADR provides more control and flexibility.** Parties can choose the ADR process most appropriate for their particular situation and that will best serve their particular needs.

* **ADR can reduce stress and provide greater satisfaction.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere found in litigation. Surveys of disputants who have gone through ADR have found that satisfaction with ADR is generally high, especially among those with extensive ADR experience.

## Arbitration and Mediation

Although there are many different types of ADR processes, the forms most commonly used to resolve disputes in California state courts are Arbitration and Mediation. The Sacramento County Superior Court currently offers pre-screened panelists with experience and training in each of the following areas.

**Arbitration.** An Arbitrator hears evidence presented by the parties, makes legal rulings, determines facts and makes an Arbitration award. Arbitration awards may be entered as judgments in accordance with the agreement of the parties or, where there is no agreement, in accordance with California statutes. Arbitration can be binding if the parties so agree in writing. If there is no such agreement, either party can reject the Arbitration award and request a trial.

**Mediation.** Mediation is a voluntary, informal, confidential process in which the Mediator, a neutral third party, facilitates settlement negotiations. The Mediator improves communication by and among the parties, helps parties clarify facts, identify legal issues, explore options and arrive at a mutually acceptable resolution of the dispute.

Litigants are encouraged to use an ADR process as early in the case as circumstances permit. All appropriate cases will be reviewed for referral to ADR at the Case Management Conference.

**Note:  A *Mediation Statement* must be filed with the *Case Management Statement*.**

## ADR Procedures for the Sacramento County Superior Court

Upon filing a complaint or cross-complaint, the plaintiff/cross-complainant will receive this information sheet from the Superior Court Clerk. **Plaintiff is required to include the ADR Information Sheet when he or she serves the Complaint on the Defendant.**

**Mediation.**
All parties to the dispute may voluntarily agree to submit the case to a neutral Mediator, either through a court-appointment or through a private arrangement.  **A *Stipulation and Order to Mediation* may be filed with the court at any time up to 15 calendar days prior to the Case Management Conference (CMC).**  The parties may choose either of the following Mediation choices:

> **Private Mediation.**  Parties to a civil action agree to mediate their dispute with a Mediator of their choice without court assistance.  The cost of Mediation must be borne by the parties equally unless the parties agree otherwise.  Parties will be charged an amount as set by the Mediator (refer to the ADR Panel List for current rates).

> **Court Mediation.**  Upon stipulation of the parties, a Mediator and alternate Mediator will be selected from the court-approved list of neutrals (ADR Panel List) and compensated pursuant to Local Rule 12.23.  The court will confirm the selected Mediator and notice parties by mail.

> The Mediator is then responsible for contacting the parties to confirm a date, time, and place for Mediation.  Mediators on the court's approved ADR Panel List have agreed to the court's payment schedule of $200 for up to 3 hours of Mediation.  In the event the Mediation extends beyond 3 hours and parties determine it would be beneficial to continue the Mediation process; the parties will independently be responsible for compensating the Mediator in an amount as set by the Mediator.

The court's ADR Panel List is available on-line at www.saccourt.com or may be obtained at the Civil Filing Counter at the Gordon D. Schaber Sacramento County Courthouse, 720 Ninth Street, Room 101, Sacramento.

Alternative Dispute Resolution Information Sheet

If the parties do not stipulate to Mediation prior to their CMC, they may indicate their willingness to stipulate to Mediation at the CMC. **In that event, parties must submit a** *Stipulation and Order to Mediation (see attached)* **within 14 calendar days after their CMC.**

## Arbitration

If the parties do not stipulate to Mediation - plaintiff may elect, the parties may stipulate, or the judge may Order the case to Arbitration. Parties will be asked to select an Arbitrator and an alternate Arbitrator from the court's ADR Panel List. The court will send a Notice of Appointment and an appropriate Order to Arbitration to all parties.

Arbitrations are conducted pursuant to California Rules of Court, rules 3.810 through 3.830, and Local Rules Chapter 12, Part 2. Unless otherwise stipulated, an Award of Arbitrator is not binding upon the parties provided that they file a timely Request for Trial De Novo pursuant to California Rules of Court, rule 3.826. Upon the filing of a timely Request for Trial De Novo, the case will proceed to the Trial Setting Process. If no timely Request for Trial De Novo is filed, judgment based upon the Award of Arbitrator will be entered pursuant to California Rules of Court, rule 3.827.

## Additional Information

For more information on the specific ADR programs of the Sacramento Superior Court, please review the Local Rules of the Sacramento Superior Court, available at all court locations and on-line at www.saccourt.com.

Alternative Dispute Resolution Information Sheet

| ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME, STATE BAR # AND ADDRESS): | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.                    FAX NO. *(Optional)* :
EMAIL ADDRESS *(Optional)*
ATTORNEY FOR *(NAME)*:

**Superior Court of California, County of Sacramento**
720 Ninth Street, Room 101
Sacramento, CA 95814-1380
(916) 874-5522

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **MEDIATION STATEMENT** | CASE NUMBER: |
|---|---|

---

**A CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date:                    Time:                    Dept.:

Address of court (if different from the address above):

---

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

All parties have considered Mediation as a means to resolving this case and have agreed:

☐ **Mediation is appropriate for this case.** Parties have submitted a *Stipulation and Order for Mediation* form or will submit a *Stipulation* within 14 days following the Case Management Conference.

☐ **Mediation is not appropriate for this case for the following reasons:**

_____

_____

_____

---

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and Alternative Dispute Resolution (ADR), as well as other issues raised by this statement, and will possess the authority to enter into stipulation on these issues at the time of the Case Management Conference, including the written authority of the party where required.

Date: _____

_____          ▶ _____
        (Type or Print Name)                            (Signature of Party or Attorney)

_____          ▶ _____
        (Type or Print Name)                            (Signature of Party or Attorney)

---

Mediation Statement

CV\E–MED–172 (Rev 8.05.08)
Local Form Adopted for Mandatory Use

| ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME, STATE BAR # AND ADDRESS): | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.                    FAX NO. (Optional)<br>EMAIL ADDRESS (Optional)<br>ATTORNEY FOR (NAME):<br>**Superior Court of California, County of Sacramento**<br>720 Ninth Street, Room 101<br>Sacramento, CA 95814-1380<br>(916) 874-5522 | |

| PLAINTIFF/PETITIONER: | CASE MANAGEMENT CONFERENCE DATE: |
|---|---|
| DEFENDANT/RESPONDENT: | |

| **STIPULATION AND ORDER TO MEDIATION** | CASE NUMBER:<br><br>ASSIGNED DEPT.: |
|---|---|

The parties and their attorneys stipulate that the claims in this action shall be submitted to the following mediation process:

**<u>Type of Mediation (select one):</u>**

☐  1. **Court Mediation.** *Per Local Rule 12.23 Mediators on the court's approved panel have agreed to the court's payment schedule of $200 for 3 hours of mediation. In the event the mediation will extend beyond 3 hours, the parties will be responsible for compensating the Mediator in an amount as set by the Mediator.*

☐  2. **Court Mediation in lieu of previously ordered Arbitration.** *Per Local Rule 12.23 Mediators on the court's approved panel have agreed to the court's payment schedule of $200 for 3 hours of mediation. In the event the mediation will extend beyond 3 hours, the parties will be responsible for compensating the Mediator in an amount as set by the Mediator.*

☐  3. **Private Mediation.** *Per Local Rule 12.23 the cost of mediation must be borne by the parties equally unless the parties agree otherwise. Parties will be charged an amount as set by the Mediator.*

☐  4. **Private Mediation in lieu of previously ordered Arbitration.** *Per Local Rule 12.23 the cost of mediation must be borne by the parties equally unless the parties agree otherwise. Parties will be charged an amount as set by the Mediator.*

**<u>Neutral</u>**

Court Neutral Selected:                    Name_____
(If type of Mediation selected above is option 1 or 2)

Alternate Court Neutral Selected:          Name_____
(If type of Mediation selected above is option 1 or 2)

Alternate Court Neutral Selected:          Name_____
(If type of Mediation selected above is option 1 or 2)

Private Neutral Selected:                  Name_____
(If type of Mediation selected above is option 3 or 4)

**<u>Other Stipulations</u>**

☐  Discovery to remain open 30 days prior to trial.

Additional Stipulations: _____

CV\E-MED-179 (Rev 8.05.08)

## STIPULATION AND ORDER TO MEDIATION

PLAINTIFF/PETITIONER: _____    CASE NUMBER: _____

DEFENDANT/RESPONDENT: _____

_____    _____    _____
Name of Party Stipulating         Name of Party or Attorney Executing Stipulation       Signature of Party or Attorney

Bar # _____

Address_____

☐ Plaintiff  ☐ Defendant  ☐ Cross-Complainant  ☐ Cross-Defendant  Dated: _____

_____    _____    _____
Name of Party Stipulating         Name of Party or Attorney Executing Stipulation       Signature of Party or Attorney

Bar # _____

Address_____

☐ Plaintiff  ☐ Defendant  ☐ Cross-Complainant  ☐ Cross-Defendant  Dated: _____

_____    _____    _____
Name of Party Stipulating         Name of Party or Attorney Executing Stipulation       Signature of Party or Attorney

Bar # _____

Address_____

☐ Plaintiff  ☐ Defendant  ☐ Cross-Complainant  ☐ Cross-Defendant  Dated: _____

☐ Additional Signature Page(s) Attached

### ORDER

**The foregoing stipulation having been read and considered, and good cause appearing, now therefore:**

☐ Stipulation and Order to Mediation deferred to Case Management Conference.

☐ The Court orders the parties to enter mediation as stipulated above, pursuant to Chapter 12 of the Local Rules.

☐ Previously scheduled Case Management Conference is vacated.

☐ Previous order to Arbitration is vacated and appointment of Arbitrator rescinded.

☐ The case is ordered to the Trial-Setting Process.  The Trial and Settlement Conference dates shall be selected no later than _____.

☐ Trial-Setting Conference is vacated.

☐ Time to Select Trial date and Mandatory Settlement Conference date is extended to _____.

☐ Mediation Status Conference set for: _____  _____  _____
                                                              Date                      Time                    Department

☐ Stipulation and Order to Mediation denied.

☐ It is further ordered that: _____

_____

Dated: _____    Signed: _____
                                                                        **Judge of the Superior Court**

CV\E–MED–179 (Rev 8.05.08)
Local Form Adopted for Mandatory Use

## STIPULATION AND ORDER TO MEDIATION

### *(Additional Signature Page)*

PLAINTIFF/PETITIONER: _____    CASE NUMBER: _____

DEFENDANT/RESPONDENT: _____

---

_____    _____    _____
Name of Party Stipulating          Name of Party or Attorney Executing Stipulation          Signature of Party or Attorney

Bar # _____
Address_____
_____

☐ Plaintiff   ☐ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant   Dated: _____

---

_____    _____    _____
Name of Party Stipulating          Name of Party or Attorney Executing Stipulation          Signature of Party or Attorney

Bar # _____
Address_____
_____

☐ Plaintiff   ☐ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant   Dated: _____

---

_____    _____    _____
Name of Party Stipulating          Name of Party or Attorney Executing Stipulation          Signature of Party or Attorney

Bar # _____
Address_____
_____

☐ Plaintiff   ☐ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant   Dated: _____

---

_____    _____    _____
Name of Party Stipulating          Name of Party or Attorney Executing Stipulation          Signature of Party or Attorney

Bar # _____
Address_____
_____

☐ Plaintiff   ☐ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant   Dated: _____

---

_____    _____    _____
Name of Party Stipulating          Name of Party or Attorney Executing Stipulation          Signature of Party or Attorney

Bar # _____
Address_____
_____

☐ Plaintiff   ☐ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant   Dated: _____

---

Stipulation and Order to Mediation

945

# SUPERIOR COURT OF CALIFORNIA COUNTY OF SACRAMENTO
## ORDER DETERMINING DISPOSITION OF EX PARTE APPLICATION

| Case Name | Case Number |
|---|---|
| Taumoefolau vs. Sierra Pacific Mtg. | 2008-00027479 |
| Type of Application: Notice of Pendency of Action    By: π | Application Date  NOV 2 5 2008 |

| Names of Appearing Party | Representing |
|---|---|
| Ana Taumoefolau | π /Self |
| | |

The Court, having considered the above entitled ex parte application  ☒ without a hearing  ☐ after hearing
with appearance as noted above, rules as follows:

☐ The application is granted.

_____

_____

_____

☐ The application is denied on the merits of the papers presented to the Court.

_____

_____

_____

☒ The application is denied without prejudice to its resubmission for the following reason(s):
SEE ATTACHED

_____

_____

☐ The moving party may not proceed except by noticed motion.

☐ Other

_____

_____

_____

_____

☐ Counsel for the _____ is ordered to prepare formal order.

NOV 2 5 2008

**DATE** _____

**JUDGE OF THE SUPERIOR COURT** _____

CI-150 (10/2006) ORIGINAL-CASE FILE    YELLOW-SUBMITTING PARTY    PINK-OFFICE COPY

LOREN E. McMASTER

The request of self-represented Plaintiff to record a Notice of Pendency of Action is denied without prejudice.

The moving party has failed to provide the Court with a copy of the complaint. The complaint was not located on the Court's computer system. Review of the complaint is necessary for the Court to determine whether or not the complaint does state a valid cause of action(s) that affect title to real property.

The request is denied without prejudice for the further reason that there is no declaration showing compliance with California Rules of Court, Rules 3.1201 – 3.1207, including, but not limited to, providing proper notice to the opposing side.

The Court declines to entertain oral argument on this ex parte request. There is no right to oral argument in an ex parte proceeding; the judge may properly decide the matter on he papers presented. See *Wilburn v. Oakland Hospital* (1989) 213 Cal.App.3d 107, 1111. As Local Rule2.04 (A) states, "The adequacy of the application for temporary relief will be determined on the papers submitted." Further, the Court declines to conduct any proceedings in the absence of service on the opposing parties.

This ruling is without prejudice to its renewal provided that all procedural requirements are satisfied.



FILED
ENDORSED

2008 NOV 25  AM 9: 30

LAW AND MOTION #1

1  TANGI TAUMOEFOLAU and
2  ANA TAUMOEFOLAU as Joint Tenants
   48 Northwich Court
3  Sacramento, CA 95823
   (916) 470-8314
4  Plaintiffs In Pro Per

5

6              SUPERIOR COURT OF THE STATE OF CALIFORNIA
                        COUNTY OF SACRAMENTO
7

8

9    TANGI TAUMOEFOLAU and              CASE NO: 34-08-00027479
     ANA TAUMOEFOLAU as Joint Tenants
10                                      Judge:
11                  Plaintiffs,         Date: 11  25, 2008
12                                      Time: 9:45  A M
     V.                                 Place: Department: 54
13
     SIERRA PACIFIC MORTGAGE            NOTICE OF HEARING RE:
14   COMPANY, INC., MTC FINANCIAL INC.
     dba TRUSTEE CORPS, CENTRAL         EX PARTE APPLICATION FOR
15   MORTGAGE COMPANY D/B/A             PERMISSION TO FILE NOTICE OF
     CENTRAL MORTGAGE LOAN              PENDENCY OF ACTION. AND
16   SERVICING COMPANY, and Does 1-X    MEMORANDUM OF POINTS AND
17   Inclusive.                         AUTHORITIES IN SUPPORT
                                        THEREOF AND DECLARATION OF
18                  Defendants.         NOTICE TO OPPOSING AND
19                                      INTERESTED PARTIES

20

21

22            DECLARATION OF TANGI TAUMOEFOLAU,
           REGARDING NOTICE OF EX PARTE APPLICATION HEARING.
23

24   I TANGI TAUMOEFOLAU, being first duly sworn depose and say as follows:

25        1.    I have personal knowledge of the facts and matters set forth herein and

26   should I be called upon as a witness to testify to the same I can and will testify

27   competently thereto.

28

                                   1

2.    I am the Plaintiff in this matter, and at all times relevant have been a resident of the county of Sacramento, State of California, my wife and I at all times relevant have been the owner of a parcel of Real Property commonly known as 48 Northwich Court, Sacramento, CA 95823 and more particularly described as:

> THE LAND DESCRIBED HEREIN AS SITUATED IN THE STATE OF CALIFORNIA, COUNTY OF SACRAMENTO, CITY OF SACRAMENTO, AND IS DESCRIBED AS FOLLOWS:
>
> LOT 137, AS SHOWN ON THE MAP OF "STEAMBOAT BENT UNIT NO. 3" FILED IN THE OFFICE OF THE COUNTY RECORDER OF SACRAMENTO COUNTY, STATE OF CALIFORNIA, ON DECEMBER 22, 2003, IN BOOK 323 OF MAPS, AT PAGE 8.
>
> APN: 052-0200-053

3. On November 24, 2008 I contacted each of the Defendants herein by telephone and provided them with the date place time and purpose of this appearance, I gave them more than 24 hours notice.

(a) I contacted a representative of SIERRA PACIFIC MORTGAGE COMPANY, INC., at telephone number Felicia and left the information with 866-721-0295 who informed me that she/he would forward the same to the appropriate party.

(b) I contacted a representative of MTC FINANCIAL, INC. dba TRUSTEE CORPS. at telephone number Tracy/Matthew and left the information with (510) 716-5743 who informed me that she/he would forward the same to the appropriate party.

(c) I contacted a representative of CENTRAL MORTGAGE COMPANY D/B/A CENTRAL MORTGAGE LOAN SERVICING COMPANY at telephone number

1   _____ and left the information with 949-252-6330 who informed me that

2   she/he would forward the same to the appropriate party.

3

4       I declare under penalty of perjury of the laws of the State of California that the

5   foregoing is true and correct.

6

7   Dated: _November 21_, 2008                    _Tangi F. Taumoefolau_ .
                                                   TANGI TAUMOEFOLAU

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Notice of Hearing Re: Pendency of Action

## PROOF OF SERVICE

I am employed in the County of Orange, State of California.  I am over the age of eighteen and not a party to the within action.  My business address is 2112 Business Center Drive, Second Floor, Irvine, California 92612.

On January 16, 2009  I served the following document described as:

NOTICE OF REMOVAL

On the following interested parties in this action:

**SEE ATTACHED SERVICE LIST**

[x ]        <u>VIA MAIL -- CCP §§ 1013(a); 2015.5</u>: By placing a true copy thereof enclosed in a sealed envelope(s) addressed as above, and placing each for collection and mailing on the date following ordinary business practices.  I am readily familiar with my firm's business practice and collection and processing of mail with the United States Postal Service and correspondence placed for collection and mailing would be deposited with the United States Postal Service at Irvine, California, with postage thereon fully prepaid that same day in the ordinary course of business.

[ ]        <u>VIA FACSIMILE</u>: By faxing a true copy thereof to the Facsimile Number indicated above, and obtaining a confirmation receipt that the transmission of the document was successful.

[ ]        <u>VIA OVERNIGHT DELIVERY</u>: By placing a true copy thereof enclosed in a sealed next business day envelope, and placing each for collection and mailing on said date following ordinary business practices.

[]        <u>VIA PERSONAL DELIVERY</u>: By placing a true copy thereof enclosed in a sealed next envelope, and causing such envelope to be personally delivered to the address listed on the attached service list.  A separate proof of service by the party who delivered the envelope is available upon request.

I declare under penalty of perjury, under the laws of the State of California that the foregoing is true and correct.  Executed January 16, 2009 at Irvine, California.

/s/ Melissa D. Fusco

_____

MELISSA D. FUSCO

MDF:/MC27666 POS.wpd

1

## TAUMOEFOLAU v. SIERRA et al.
## SERVICE LIST

2

3  **PLAINTIFFS IN PRO SE:**

Tangi Taumoefolau

4  Ana Taumoefolau

48 Northwich Court

5  Sacramento, CA 95823

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MDF:/MC27666 POS.wpd