IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TANGI TAUMOEFOLAU, et al.,

    Plaintiffs,

vs.

SIERRA PACIFIC MORTGAGE COMPANY, INC., et al.,

    Defendants.

No. CIV S-09-0219 FCD DAD PS

ORDER SETTING STATUS (PRETRIAL SCHEDULING) CONFERENCE

    Plaintiffs are proceeding pro se with an action concerning title to property located in Sacramento. The action was commenced in the Sacramento County Superior Court on November 21, 2008. One of the three named defendants removed the action to this court on January 23, 2009. The action has been assigned to United States District Judge Frank C. Damrell, Jr., and has been referred to United States Magistrate Judge Dale A. Drozd pursuant to Local Rule 72-302(c)(21) for all purposes encompassed by that provision.

    The Clerk of the Court has informed plaintiff and the removing defendant that they may, if all parties consent, proceed before a United States Magistrate Judge for all purposes while preserving their right to appeal to the Ninth Circuit Court of Appeals. An appropriate form for consent has been provided. Any party choosing to consent may complete the form and return it to the Clerk of the Court at any time. Neither the magistrate judge nor the district judge

1

handling the case will be notified of the filing of a consent form unless and until all parties to the action have filed consent forms.

Pursuant to the provisions of Rule 16 of the Federal Rules of Civil Procedure, IT IS ORDERED that:

1. A Status (Pretrial Scheduling) Conference is set for **April 3, 2009, at 11:00 a.m.**, in Courtroom No. 27, before Magistrate Judge Dale A. Drozd.

2. Each party shall appear at the Status Conference by counsel or, if proceeding in propria persona, on his or her own behalf.  Parties may appear at the conference in person or telephonically.  To arrange telephonic appearance, the party shall contact Pete Buzo, the courtroom deputy of the undersigned magistrate judge, at (916) 930-4128 no later than three days before the Status (Pretrial Scheduling) Conference.

3. The two plaintiffs shall file and serve a joint status report, signed by both plaintiffs, on or before **March 20, 2009,** and each defendant shall file and serve a status report on or before **March 27, 2009**. Each status report shall address all of the following matters:

    a.    Progress of service of process;

    b.    Possible joinder of additional parties;

    c.    Possible amendment of the pleadings;

    d.    Jurisdiction and venue;

    e.    Anticipated motions and the scheduling thereof;

    f.    Anticipated discovery and the scheduling thereof, including disclosure of expert witnesses;

    g.    Future proceedings, including the setting of appropriate cut-off dates for discovery and for law and motion, and the scheduling of a final pretrial conference and trial;

    h.    Modification of standard pretrial procedures specified by the rules due to the relative simplicity or complexity of the action;

/////

      i.      Whether the case is related to any other case, including matters in bankruptcy;

      j.      Whether the parties will stipulate to the magistrate judge assigned to this matter acting as settlement judge, waiving any disqualification by virtue of his so acting, or whether they prefer to have a Settlement Conference before another magistrate judge;

      k.      Whether the parties intend to consent to proceed before a United States Magistrate Judge; and

      l.      Any other matters that may aid in the just and expeditious disposition of this action.

4. The pro se plaintiffs are cautioned that failure to file a timely status report or failure to appear at the status conference, either in person or telephonically, may result in a recommendation that this case be dismissed for lack of prosecution and as a sanction for failure to comply with court orders and applicable rules. See Local Rules 11-110 and 83-183.

5. Plaintiffs are advised that Rule 4(m) of the Federal Rules of Civil Procedure provides that a defendant may be dismissed if service of process is not accomplished on the defendant within 120 days from the date the complaint was filed.

6. The defendant who removed this action from state court shall serve a copy of this order upon each party subsequently joined and shall file and serve a certificate reflecting such service.

DATED: February 12, 2009.

                                                DALE A. DROZD
                                                UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.prose\taumoefolau0219.ossc